# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **VICTORIA CHEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **Civil Action No. 4:15-CV-2025** |
| **V.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **FIRST INVESTORS FINANCIAL** | § | |
| **SERVICES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Section 207 and Section 216 of the Fair Labor Standards Act of 1938 (FLSA), Plaintiff Victoria Chen, ("Plaintiff") files this Original Complaint against Defendant First Investors Financial Services, Inc., ("Defendant") and respectfully shows as follows:

**A.     Parties**

1.     The plaintiff is Victoria Chen. She is a resident of Cypress, Texas.

2.     The Defendant is First Investors Financial Services, Inc., a domestic for-profit corporation formed in Texas with its principal place of business in the state of Texas.  Service of process may be made on Defendant First Investors Financial Services, Inc., by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**B.     Jurisdiction**

3.     This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  The plaintiffs' claims arise under § 207 of the FLSA. This case presents a federal question.

**C.     Venue**

4.     Pursuant to 28 U.S.C. § 1391(b)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

**D.     Facts**

5.     Plaintiff Victoria Chen ("the Plaintiff") was employed by the Defendant beginning January 9, 2006 as a Human Resources Administrator.  The Defendant changed her title, though not her duties and responsibilities, to Human Resources Generalist on November 1, 2011, and she retained that title until May 21, 2015.  The Defendant is in the banking and financial services industry.  Defendant is engaged in commerce and/or engaged in the production of goods for commerce, with annual, gross sales volume exceeding $500,000.00.

6.     The Plaintiff was employed by the Defendant at its main office in Houston, Texas. The Plaintiff's job duties and responsibilities were comprised of basic human resources work.  Her work was not related to the management of the Defendant's business operations and her primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.  In fact, other human resources employees who performed the same or similar duties as Plaintiff were classified as non-exempt, but Plaintiff was classified as an exempt employee. Consequently, Plaintiff was incorrectly classified as an exempt employee throughout her nine (9)

years of employment with the Defendant, until February 2015, when the Defendant finally made the decision to classify her as non-exempt even though her duties and responsibilities had not changed in that nine-year period. After changing her classification, Defendant refused Plaintiff's request to confirm her non-exempt status in writing, or to consider a retroactive payment of delinquent overtime for the past three years.

7. The Plaintiff worked a minimum of fifteen (15) hours of overtime each pay period and oftentimes she worked twenty-three (23) hours of overtime each pay period. She was required to attend job fairs that resulted in her working late into the night, including Saturdays and Sundays. She was expected to screen résumés and call candidates from her home. She was expected to receive calls from employees whenever they called her cell phone. It was a mandatory requirement that Plaintiff read emails when she was not in the office. Oftentimes she could not take vacation when she was needed in the office, so she was required to forego paid vacation time that she had earned as well as sick or flex days that were included in Defendant's paid time off (PTO) policy. She was paid approximately $25.95 per hour by the Defendant, paid bi-weekly. Until her classification was changed in February 2015, Plaintiff had never been paid time and a half for hours worked in excess of forty (40) in any one work week.

8. During the period of time when Plaintiff was classified as exempt, Defendant did not permit Plaintiff to log in and out or punch in and out, or otherwise maintain a record of her work hours in the normal course of business. In fact, Defendant's business practices required employees like Plaintiff to work off the clock.

9. Defendant's failure to pay overtime compensation also resulted in a lesser

contribution by Plaintiff to her 401(k) retirement account, and a corresponding shortfall in the employer matching contribution to her 401(k).

**E.     Cause of Action**

### Count 1-Violation of the Fair Labor Standards Act (FLSA)

10.     The Plaintiff incorporates within Count 1 all of the factual allegations set forth in paragraphs 1-9, *supra*.

11.     The Defendant violated Section 207 of the FLSA by employing the Plaintiff in any workweek, where she was engaged in and/or employed in an enterprise engaged in commerce or in the production of goods for commerce for a workweek in excess of forty hours, and by not compensating her for work hours in excess of forty hours at a rate not less than one and one-half times the regular rate at which she was employed.    *See* 29 U.S.C. § 207(a)(l).    The Defendant knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to  pay  the Plaintiff all of her wages and overtime compensation for hours worked per week in excess of forty.  The decision made by the Defendant to not pay the Plaintiff was neither reasonable nor in good faith. Accordingly, the Plaintiff is entitled to her unpaid overtime compensation under the FLSA for the three (3) year period preceding this suit, and liquidated damages in an amount equal to her unpaid overtime, as provided by law, which she seeks from the Defendant by this suit and from this Court.

12.     Pursuant to the FLSA, the Plaintiff also seeks recovery of her reasonable and necessary costs and attorneys' fees incurred in this matter for trial and appeal, if necessary, of this suit.

**F.     Damages**

13.    Plaintiff realleges and reasserts paragraphs 1 through 11.

14.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

   a.    Plaintiff suffered mental anguish and emotional distress.

   b.    Plaintiff seeks as damages such legal and equitable relief as may be appropriate to effectuate the purposes of § 216, all of the overtime compensation that was not paid to her; an additional equal amount as liquidated damages; amounts that should have been contributed by Plaintiff and Defendant to her 401(k); exemplary damages, plus costs, attorneys' fees, pre-judgment and post-judgment interest, and such other relief to which she is justly entitled.

15.    Plaintiff is entitled to all reasonable expert witness fees and costs, in addition to her expenses.

**G.     Jury Demand**

16.    Plaintiff demands a trial by jury pursuant to Fed. R. Civ. Proc. 38.

**PRAYER**

For these reasons, Plaintiff Victoria Chen, respectfully requests that Defendant First Investors Financial Services, Inc. be cited to appear and answer herein and that, following final hearing, she be awarded all of her unpaid back wages for unpaid overtime compensation, 401(k) contributions, liquidated damages, exemplary damages, and all other elements of damages provided by law, costs, attorneys' fees, pre-judgment interest and post-judgment interest, and for such other

relief, at law or in equity, to which she may be justly entitled.

        Respectfully submitted,

        THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP

        */s/Robert J. Filteau*
        Robert J. Filteau
        State Bar No. 06997300
        Fed. I.D. No. 3540
        rfilteau@fso-lawprac.com
        John A. Sullivan III
        State Bar No. 19483500
        Fed. I.D. No. 1398
        jsullivan@fso-lawprac.com
        9894 Bissonnet Street, Suite 865
        Houston, Texas 77036
        (713) 236-1400 Telephone
        (713) 236-1706 Telecopier

        **ATTORNEYS FOR PLAINTIFF, VICTORIA CHEN**