United States District Court
Southern District of Texas
**ENTERED**
May 31, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICTORIA CHEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-15-2025 |
| § | |
| FIRST INVESTORS FINANCIAL § | |
| SERVICES, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

**I.   Background**

Victoria Chen, a former employee of First Investors Financial Services, alleges that she is entitled to unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), because First Investors misclassified her as exempt during most of her employment and did not pay overtime rates when she worked more than 40 hours in a week. The parties have submitted cross-motions for partial summary judgment on the method that should be used to calculate Chen's damages for unpaid overtime if she prevails at trial.

First Investors argues that the fluctuating-workweek method should be used. In this method, the court "first . . . computes the regular hourly rate[ ] [by] divid[ing] the actual hours worked each workweek into the fixed salary. Then, the overtime payment for that week is determined by multiplying all hours over 40 in the workweek by 1/2 the regular rate for that workweek." *Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 385 (5th Cir. 2013) (quotations omitted).

Chen argues for a method under which the regular hourly rate is determined by dividing the employee's weekly pay by 40 hours and multiplying one and one-half times that rate for all hours

worked beyond 40 in the workweek. *See Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138 (5th Cir. 1988). Chen also asks the court to rule that First Investors is liable on a different basis for failing to pay her overtime rates during a subset of the time at issue. On November 15, 2014, First Investors reclassified Chen as nonexempt. First Investors alleges that because of a payroll mistake, she was not paid as a nonexempt employee until February 22, 2015. Chen asks the court to rule separately that First Investors is liable for failing to pay overtime from November 15, 2014 to February 22, 2015. First Investors asks the court to defer ruling on that issue because Chen has not shown that she worked more than 40 hours in any of the weeks at issue.

## II.   The Summary Judgment Standard

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.*

(quotation marks omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine dispute of material fact, the movant does not need to negate the elements of the nonmovant's case. *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

"Once the moving party [meets its initial burden], the non-moving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *EEOC*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *EEOC,* 773 F.3d at 694.

**III.    Analysis**

    **A.    The Fluctuating-Workweek Method of Calculating Overtime**

"The [fluctuating-workweek] method of calculating overtime premiums in a misclassification

case is appropriate when the employer and the employee have agreed that the employee will be paid a fixed weekly wage to work fluctuating hours." *Black v. SettlePou, P.C.*, 732 F.3d 492, 498 (5th Cir. 2013). It is not enough to show that the employer paid a fixed salary for fluctuating hours. Instead, the employer and employee must have "agreed that a fixed salary would compensate [the employee] for all of the hours she worked each week." *Id.* at 501. "The parties' initial understanding of the employment arrangement as well as the parties' conduct during the period of employment must both be taken into account in determining whether the parties agreed . . . ." *Id.* at 499. The plaintiff has the burden to prove that a nonfluctuating-workweek method should be applied. *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001).

In *Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 382 (5th Cir. 2013), the Fifth Circuit overturned the district court's ruling that the fluctuating-workweek method did not apply to the plaintiff retail-store managers. Their job application form had stated that the stores were open for "extended business hours" during special events and asked applicants whether they could work "flexible schedule[s]." *Id.* at 384. The employer told employees that they were expected to work more than 40 hours a week and that their hours would fluctuate. *Id.* at 382-84. The Fifth Circuit also noted that the managers regularly worked a schedule that fluctuated and was over 50 hours a week, but they were always paid the same amount. *Id.*

In *Black v. SettlePou*, 732 F.3d at 499 (5th Cir. 2013), the Fifth Circuit upheld a district court's application of the nonfluctuating-workweek method to an employee owed overtime. The employer had classified the employee as nonexempt and paid overtime. After the employee changed job duties, her employer reclassified her as exempt and stopped paying overtime. The employee testified that she believed she was being paid to work 37.5 hours a week. Her employer testified

similarly. *Black*, 732 F.3d at 499-500. The employer's payroll records stated that the employee was being paid for "full time employment." The employee handbook defined a "full-time" employee as an employee regularly scheduled to work 37.5 hours per week. *Id.* at 500. When the secretary found out that she was not being paid overtime after she had been reclassified, she complained to the human resources department and to her supervisor. *Id.* at 500-01. The court found that the nonfluctuating-workweek method applied because the parties did not agree to a fixed salary for all the hours the employee worked, including those exceeding 40 in a week.

The present record does not lend itself to summary judgment on the method to calculate overtime. There are factual disputes material to determining whether to apply the nonfluctuating-workweek method or the fluctuating-workweek method. Although determining which method of damages to apply is a question of law for the court, whether the parties agreed to a fixed weekly wage for fluctuating hours is a question of fact. *Black*, 732 F.3d at 498. When, as here, factual disputes material to deciding the existence and extent of an agreement to pay certain rates or amounts, the question is one of fact for the jury. *See Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1126-27 (5th Cir. 1978) ("Where uncertainty arises either from a conflict of testimony or because the facts being undisputed, fair-minded men may honestly draw different conclusions from them, the question is not one of law, but of fact to be settled by the jury.").

Several district courts in this circuit have denied summary judgment on whether to apply the fluctuating-workweek method because of factual disputes. *See Faniola v. Proteus Servs., LLC*, No. CIV.A. H-14-3081, 2015 WL 6666213, at *6 (S.D. Tex. Oct. 13, 2015) (denying summary judgment because of a dispute about whether the parties agreed to a certain wage for all hours worked); *Gomez v. Crescent Servs., LLC*, 25 F. Supp. 3d 965, 972 (S.D. Tex. 2014) (denying summary

judgment because of a dispute over the number of hours worked during the workweek); *but see Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 798 (N.D. Tex. 2015) (court has discretion to make factual findings necessary to selecting a damages model).

The present record presents conflicting inferences as well. On the one hand, the record could show Chen's agreement that her salary would compensate her for all the hours she worked during a week, including when the hours fluctuated and went over 40 hours in that week. The present record could also support a reasonable inference that Chen did not agree and instead expected to be paid overtime for any hours she worked over 40 in a week. This case falls between *Ransom* and *Black*. Here, as in *Black*, the employer's records indicate that it paid the employee a fixed wage for working 40 hours in a week. The First Investors employee handbook stated that exempt employees such as Chen are paid a certain amount for 40 hours of work per week. The employee handbook stated that "[e]xempt employees are paid for eighty hours per pay period . . . ." (Document Entry No. 16, Ex. 3). A pay period at First Investors is two weeks, meaning that an employee is paid for 40 hours of work per week. (*Id.*). First Investors disputes whether Chen knew about the employee handbook, but cites no authority that this is required for the handbook to be relevant.

Chen submitted a document she terms a "historical base salary document." (Docket Entry No. 16 at 5). This document appears to show the amount of Chen's biweekly salary for each year of her employment. Each entry in the document covers approximately one year. Below each entry appears the language "Base Salary: $[amount] per two weeks, 40.0 hours per week." The quoted language appears consistent with the inference that Chen was paid a certain amount every 2 weeks for 40 hours of work per week, as in *Black*. First Investors argues that it is not responsible for the "historical base salary document" because it was prepared by an independent payroll provider. First

Investors also challenges Chen's description of what the document shows, arguing that it simply states Chen's historical salary and that "40.0 hours per week" was not meant to indicate an agreement that working more than 40 hours a week would be paid on an overtime basis.

The record is also similar to that in *Ransom*. As in *Ransom*, Chen's course of conduct supports finding an agreement for a fixed wage covering all hours worked. Chen worked for First Investors for over nine years. Chen alleges that during this time, she regularly worked more than 40 hours a week but did not receive overtime. This is similar to the course of conduct in *Ransom* that supported finding an agreement to a fixed wage. But, as in *Black*, there is also evidence that Chen complained that she was entitled to overtime. Chen testified that she complained to Chris Vasquez, a supervisor, about not being paid overtime, (Docket Entry No. 16, Ex. 1 at 30:18-32:11), and sent an email to another supervisor stating "[y]ou and Chris knew all the long hours I worked. I really do not think Bernnie or Tommy knew the hours and sweat I have put into this department or company and were not compensated or thankful for." (Docket Entry No. 16, Ex. 9 at F10512). In *Black*, the employee's complaint directly implicated the FLSA and misclassification. Although not as direct, Chen clearly complained about the lack of compensation for working overtime hours.

The factual disputes and competing inferences about whether there was an agreement and its terms are best resolved on a full record. The cross-motions for partial summary judgment are denied.

### B.    Liability for Reclassification

The parties agree that Chen was reclassified as nonexempt on November 15, 2014 but was not paid as a nonexempt employee until February 22, 2015. Chen asks the court to rule that First

Investors is liable for failing to pay overtime rates for the overtime she worked during that period. First Investors asks the court to defer ruling on that issue because it disputes whether Chen in fact worked more than 40 hours in any of the weeks during that period.

The court agrees that given the disputes and upcoming trial on other issues, there is no need to rule on this specific question now.

**V.    Conclusion**

The cross-motions for partial summary judgment, (Docket Entries No. 15, 16), are denied.

SIGNED on May 31, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge